TEH/EGW/AGD: USAO 2026R00187

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

USDC - GREENBELT
'26 AUG 20 PM4:38

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** DLB26CR279 |
| | * | |
| **CURTIS LARNELL RUSSELL,** | * | **(Unauthorized Use of Access** |
| | * | **Devices, 18 U.S.C. § 1029(a)(5);** |
| **Defendant** | * | **Aggravated Identity Theft,** |
| | * | **18 U.S.C. § 1028A(a)(1);** |
| | * | **Forfeiture, 18 U.S.C. § 982(a)(2)** |
| | * | **and (b)(1), 18 U.S.C. § 1029(c)** |
| | * | **and 21 U.S.C. § 853(p))** |
| | * | |

*******

**INDICTMENT**

**COUNT ONE**
**(Unauthorized Use of Access Devices)**

The Grand Jury for the District of Maryland charges that:

Between on or about April 27, 2025 and on or about March 8, 2026, in the District of Maryland and elsewhere, the defendant,

**CURTIS LARNELL RUSSELL,**

knowingly and with intent to defraud effected transactions during a one-year period with one or more access devices issued to another person or persons to receive payment and things of value aggregating $1,000 or more, and affected interstate and foreign commerce, and the offense occurred after a conviction for another offense under 18 U.S.C. § 1029, in violation of 18 U.S.C. § 1029(a)(5) and (c)(1)(B).

18 U.S.C. § 1029(a)(5)
18 U.S.C. § 2

**COUNT TWO**
**(Aggravated Identity Theft)**

The Grand Jury for the District of Maryland further charges that:

On or about October 4, 2025, in the District of Maryland, the defendant,

**CURTIS LARNELL RUSSELL,**

did knowingly possess and use without lawful authority a means of identification of another person, to wit, the American Express access device with account number xxxxxxxx6887 and name belonging to Victim 1, during and in relation to Unauthorized Use of Access Devices, in violation of 18 U.S.C. § 1029(a)(5), as charged in Count One of this Indictment.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

**COUNT THREE**
**(Aggravated Identity Theft)**

The Grand Jury for the District of Maryland further charges that:

On or about November 5, 2025, in the District of Maryland, the defendant,

**CURTIS LARNELL RUSSELL,**

did knowingly possess and use without lawful authority a means of identification of another person, to wit, the Home Depot access device with account number xxxxxxxx1332 and name belonging to Victim 2, during and in relation to Unauthorized Use of Access Devices, in violation of 18 U.S.C. § 1029(a)(5), as charged in Count One of this Indictment.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

**COUNT FOUR**
**(Aggravated Identity Theft)**

The Grand Jury for the District of Maryland further charges that:

On or about January 8, 2026, in the District of Maryland, the defendant,

**CURTIS LARNELL RUSSELL,**

did knowingly possess and use without lawful authority a means of identification of another person, to wit, the State Employees' Credit Union access device with account number xxxxxxxx4807 and name belonging to Victim 3, during and in relation to Unauthorized Use of Access Devices, in violation of 18 U.S.C. § 1029(a)(5), as charged in Count One of this Indictment.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 982(a)(2) and 1029(c) and 21 U.S.C. § 853(p) in the event of the defendant's conviction on Count One of this Indictment.

### Access Device Forfeiture

2. Upon conviction of the offense set forth in Count One of this Indictment, the defendant,

**CURTIS LARNELL RUSSELL,**

shall forfeit to the United States, (a) pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense; and (b) pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

### Substitute Assets

3. If any of the property described above. as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 982(a)(2)(B) and (b)(1)
18 U.S.C. § 1029(c)(1)(C) and (c)(2)
21 U.S.C. § 853(p)

Kelly O. Hayes by EW
Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

Date: 8/20/26